UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SAMUEL E. GOINES,<br><br>Defendant. | Crim. Action No. 01-0079<br>PLF/DAR |

**FILED**

**JUN 2 9 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### REPORT AND RECOMMENDATION

On April 24, 2001, Defendant pled guilty to one count each of mail fraud in violation of 18 U.S.C.§ 1341 (Count I); false, fictitious or fraudulent claims in violation of 18 U.S.C. § 287 (Count II); and first degree theft in violation of 22 D.C.C. § 3811 (Count III). He was sentenced to a 33-month period of incarceration on Counts I and II, and a period of incarceration of 11 to 33 months on Count III. The sentences were ordered to run concurrently. Additionally, the Court sentenced Defendant to a three-year term of supervised release on Counts I and II, to run concurrently. Defendant's special conditions of supervised release included (1) participation in drug treatment; (2) providing financial disclosures; (3) refraining from incurring new credit charges, opening additional lines of credit or engaging in any financial contracts; and (4) paying restitution of $75,791.00. Supervised release commenced on April 16, 2004 and is scheduled to expire on April 15, 2007.

In a Request for Course of Action filed on March 31, 2006 (Docket No.16), the Probation Office alleged that Defendant was unsuccessfully discharged from outpatient drug treatment at the Veterans Administration Hospital in Washington, D.C. Additional compliance information is included in the March 27, 2006 Memorandum filed by Defendant's assigned probation officer

United States v. Goines                                                                                                                2

(Docket No. 15).

A hearing on violation of supervised release was conducted by the undersigned on April 12, 2006. Defendant conceded the alleged violation of his conditions of supervised release. Defendant's probation officer did not recommend revocation, and represented that he is willing to continue to work with Defendant. Defendant's probation officer recommended that the court modify Defendant's special conditions to require that Defendant participate in an in-patient substance abuse program for a period of up to 90 days. Defendant and counsel for the government concurred in the recommendation.

Upon consideration of the Request for Course of Action and Memorandum filed by the Probation Office, the proffers and arguments of counsel and Defendant's assigned probation officer and the entire record herein, it is, this __27th__ day of April, 2006,

**RECOMMENDED** that the court follow the recommendation of Defendant's probation officer, and modify Defendant's special conditions of supervised release to require that defendant participate in an in-patient substance abuse program for a period of up to 90 days.

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge


**SO ORDERED:**

6/29/06
DATE

PAUL L. FRIEDMAN
United States District Judge